JOSEPH SCHEVE v. STATE EX REL DERIE.

**Consent by Reputed Father of Bastard to Pay Weekly Fixed Sum for Support Instead of Lump Sum.**

Under the provisions of Sec. 12123 G. C. the reputed father of a bastard child should be adjudged to pay a lump sum, which may be made payable in installments, but where by silence and otherwise he consents to an order for payment of a fixed amount weekly, with the privilege to the parties to apply at any time for a modification of the order, he will **not** be heard to complain by a reviewing court.

ERROR.

*Dempsey & Neiberding,* for plaintiff in error.

Scheve v. State.

*Charles F. Hornberger* and *Harry R. Weber,* for defendants in error.

## GORMAN, J.

This cause was a second time submitted to this court under an application for a rehearing.

On the original submission this court affirmed the judgment of the court of common pleas, and the court still and now adheres to its former decision.

It appears from the meager record before us that the plaintiff in error was adjudged the reputed father of a bastard child, in the common pleas court, and thereupon the court adjudged him to stand charged with the maintenance of said child in the sum of five dollars per week until the further order of the court; and in default of such payment that he stand committed to the county jail of Hamilton county, Ohio. The judgment further provided that upon the birth of said child the said amount may be modified or increased or a lump sum decreed to be paid the mother, Josephine Derie, in full satisfaction. This entry was made on March 18, 1914.

On May 6, 1914, Schreve, defendant below, moved the court to modify the said judgment and reduce the amount ordered to be paid to said Josephine Derie.

On July 1, 1914, the court made this entry:

"By consent of parties the motion to lessen the weekly payments came on for hearing, and it is ordered and decreed that the defendant pay to plaintiff a weekly sum of four dollars per week instead of five dollars as decreed in the temporary judgment hereinbefore given.

"It is also ordered and decreed that the parties may at any time apply for a lessening or addition to the sum herein ordered."

We are of the opinion that under the provisions of Sec. 12123 G. C., the court should have adjudged the reputed father to pay a lump sum, which might have been made payable in installments. But in view of the language above set out we find that Scheve consented to this judgment against him, and not

that he merely consented to the hearing of the motion as claimed by his counsel. This belief is strengthened when we note that no exception or objection was made to the judgment entry, and that it was more favorable to him than was the judgment entry of March 18, 1914, to which he neither excepted nor objected.

Having consented to this last judgment we see no good reason why this court should now be called upon to reverse a judgment favorable to him and to which his consent was given.

Furthermore, it appears from the entry to which error is prosecuted that the parties were accorded the right to apply to the court at any time, to have this anomalous judgment modified by increasing or diminishing the sum ordered paid.

For these reasons the judgment is affirmed.

**Jones, E. H.** and **Jones, O. B., JJ.,** concur.

---

## BONDS—MUNICIPAL CORPORATIONS—PUBLICATION.

[Hamilton (1st) Court of Appeals, April 24, 1916.]

Jones, Jones and Gorman, JJ.

*CINCINNATI (CITY) EX REL. V. GEORGE PUCHTA, ET AL.

**1. Validity of Municipal Bonds not Affected by Failure to Publish Notice of Election for Statutory Period.**

Failure of election officials to publish, for the full thirty days required by law, notice that at an approaching election the question of authorizing an issue of municipal bonds will be submitted, does not render the election invalid as to said bonds, where the election was held in other respects in accordance with law and there is abundant evidence that knowledge of an intention to submit said question was brought home to the great body of the electors.

**2. Bond Issue on Majority Less than Two-thirds Valid Only within Two and One-half per cent Restriction.**

Where a bond issue is authorized by a majority but not by a two-thirds vote, Sec. 3952 limiting the issue to two and one-half per cent of the total value of the city property as listed for taxation is applicable, and the authorization is valid only within the limits of the two and one-half per cent restriction.

APPEAL.

---

*Affirmed, no op., **Cincinnati v. Puchta,** 94 O. S. 000.